IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BRENNAN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-1417 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**DEFENDANTS**
**REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendants submit this reply to Plaintiff's Response in opposition to Defendant's Motion for Summary Judgment. Defendants file this Reply to: 1) highlight undisputed "core facts" which show Plaintiff's termination was based on legitimate non-retaliatory reasons; 2) reinforce that Plaintiff has failed to state a claim for First Amendment Retaliation; and 3) emphasize that there are no disputes of material fact to prevent summary judgment with regard to Plaintiff's Pennsylvania Whistleblower claims.

I. THERE IS NO EVIDENCE TO CONTRADICT DEFENDANTS' STATED NON-RETALIATORY REASONS FOR TERMINATING PLAINTIFF'S EMPLOYMENT.

To overcome summary judgment, an employee-plaintiff must point to "evidence contradicting the ***core facts*** put forward by the employer as the legitimate reason for its decision." *Tomasso v. Boeing Co.,* 445 F.3d 702, 706 (3d Cir.2006) (emphasis in original); *see also Kautz v. Met–Pro Corp.,* 412 F.3d 463, 467 (3d Cir. 2005). This type of showing will "require the production of documents or deposition testimony at odds with defendant's proffered explanation." *Furru v. Vanguard Group, Inc.,* 2015 WL 5179407 (E.D. Pa. Sept. 4, 2015). At the pretext stage, Plaintiff must show "both that the Defendant's proffered explanation is false, and that retaliation is the real reason for the adverse employment action." *Moore v. City of Phila.,* 461 F.3d 331, 342 (3d Cir. 2006) (quoting *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500–01 (3d Cir. 1997)).

1. **Plaintiff is unable to show that Defendants explanation for terminating him was false.**

As Third Circuit precedent makes clear, to avoid summary judgment, a ***plaintiff must point to evidence*** that shows the employer did not rely on its articulated reason when making its employment decision. W*illis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 650 (3d Cir. 2015) (emphasis added). In evaluating the employer's reasons, the court's inquiry focuses on "the perception of the decision maker." *Billet v. CIGNA Corp.*, 940 F.2d 812, 825 (3d Cir.1991).

Here, the undisputed core facts show that Plaintiff was terminated due to concerns about his offensive public statements and his failure to avail himself to training to redress these concerns. *See* Termination Letter, attached to Pl. Motion as Exhibit OO. In response to Defendants Motion for Summary Judgment, Plaintiff provided his contemporaneously written statement which provides surprisingly candid admissions regarding his awareness of Ms. Derenick-Lopez's concern and her desire for him to attend sensitivity training. *See* Plaintiff's written statement, attached to Pl. Motion as Exhibit QQ. For example, Ms. Derenick-Lopez spoke to Plaintiff on several occasions regarding complaints that she'd received regarding his offensive public statements. *See Id., see also* Plaintiff's Deposition, attached to Def. MSJ as Exhibit B at 166:1-12; 170:4-173:19; 180:13-15; 226:9-19. She not only directed him to obtain training, but told him that his offensive statements could "threaten" his job. *See* Pl. Exhibit QQ. The fact that Plaintiff believes his statements were not offensive is irrelevant because he was not the decision-maker. *See Billet*, 940 F.2d at 825. More importantly, Plaintiff has pointed to no evidence to challenge the core fact that Plaintiff made public statements that were reportedly offensive.

2. **Plaintiff is unable to show that retaliation was the real reason for his termination.**

Plaintiff was well aware that his reportedly offensive comments formed the basis for Ms. Derenick-Lopez's desire for him to obtain training – not retaliation. *See* Pl. Exhibit QQ, *see also* Exhibit B at 164:1-165:24. Plaintiff's belief that the sensitivity training was "ridiculous," "punitive," or otherwise unnecessary is similarly irrelevant. *See* Exhibit Q, *see also* Exhibit B at 174:20-175:9. The undisputed fact is that Ms. Derenick-Lopez directed Plaintiff to obtain training and he failed to get it.

*See Id.* at 192:12-19; 196:12-18. As such, the record is clear that the proffered reasons relied on by Defendants actually formed the basis for the decision to terminate him. *See Watson v. Southeastern Pennsylvania Transportation Authority,* 207 F.3d 207, 222 (3d Cir.2000).

Because Plaintiff provided no evidence to dispute the "core facts" related to Defendants decision to terminate him, he has failed to show the stated reasons for his termination are so weak as to render them "unworthy of credence." *See Fuentes,* 32 F.3d at 765.

3. **The timing of Plaintiff's termination is not suggestive of retaliatory motive.**

Under Third Circuit Precedent, the timing of an alleged retaliatory action "must be unusually suggestive of retaliatory motive before a causal link will be inferred." *Rosati v. Colello*, 94 F. Supp. 3d 704, 717 (E.D. Pa. 2015). While days have been seen as suggestive; months are not. *Williams v. Philadelphia Hous. Auth. Police Dep't,* 380 F.3d 751, 760 (3d Cir.2004). *See* also *McLaughlin v. Fisher*, 277 Fed.Appx. 207, 218–19 (3d Cir.2008) (non-precedential) (observing that two days is unusually suggestive, but three months is not).

Here, Plaintiff argues that his termination, which occurred eight months after he first complained of discrimination, evidence Defendants retaliatory motive. Plaintiff points to *Pierce v. City of Philadelphia* to suggest that a pattern of antagonism can be inferred based merely on his subjective feeling of being treated dismissively. *See* Pl. Motion p. 25. Plaintiff's reliance on *Pierce* is misguided because he overlooks the fact that the pattern of antagonism identified in *Piece* not only included subjective feelings of hostility, but also various adverse employment actions, including loss of overtime, loss of training opportunity, and disciplinary actions which occurred after the plaintiff's complaint of discrimination. *Pierce v. City of Philadelphia*, No. CV 17-05539, 2018 WL 6832093, at *14 (E.D. Pa. Dec. 28, 2018). Unlike the plaintiff in *Pierce*, it is undisputed that despite complaining of discrimination "for the last eight months of his employment" Plaintiff experienced no adverse employment actions. *See* Pl. Motion p. 11.

3

Moreover, the record suggests that Ms. Derenick-Lopez allegedly acrimonious relationship with Plaintiff started well before his complaints of discrimination. For example, Plaintiff admits that he viewed Ms. Derenick-Lopez as a "bully" who did not "have the right temperament" for her position from the very first day she began supervising him. *See* Exhibit B at 31:22-33:16. Therefore his relationship with Ms. Derenick-Lopez never actually changed after his complaints of discrimination.

Accordingly, Defendants are entitled to summary judgment because Plaintiff's subjective feeling of being treated in a hostile manner is insufficient to establish a pattern of antagonism that suggests unlawful retaliation.

4. **There is no evidence to show that Plaintiff was treated different from other similarly situated employees because he complained of discrimination.**

To show pretext, Plaintiff must show that he was subjected to more discipline than similarly situated employees who engaged in similar conduct who had not filed complaints of discrimination. *Young v. City of Philadelphia Police Dep't,* 651 F. App'x 90, 99 (3d Cir. 2016). "While 'similarly situated' does not mean identically situated, the plaintiff must nevertheless be similar in 'all relevant respects.' " *Dykes v. Marco Grp., Inc.,* 222 F. Supp. 3d 418, 427 (E.D. Pa. 2016) (quoting *Opsatnik v. Norfolk S. Corp.*, 335 Fed.Appx. 220, 222–23 (3d Cir. 2009)). This means that the comparators must have committed offenses of comparable seriousness. *Id.* Factors considered are whether " 'the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'" *Id.*

As an initial matter, the employees identified by Plaintiff as comparators are not proper comparators because, unlike Plaintiff, these employees did not report to Ms. Derenick-Lopez. Second, even assuming the named employees were proper comparators, or that their conduct was comparable, Plaintiff provides no evidence to suggest that any of these employees were alerted to their problematic conduct and similarly refused to remediate their behavior, yet were not terminated.

4

Therefore, the allegations regarding these comparators are insufficient to cast doubt on the Defendants reason for his termination. *See Young,* 651 F. App'x at 99.

5. **Plaintiff's argument that severance constitutes evidence of pretext is incorrect and ignores the contradictory precedent in this circuit.**

Plaintiff points to *Staffieri v. Northwestern Human Servs* and other non-persuasive case law to argue that his severance offer should be taken as evidence of pretext. Plaintiff reliance on *Staffieri* is misguided because it overlooks the fact that "severance was only one of a number of factors where the court found evidence of pretext, after finding that *Staffieri* had also set forth a prima facie case of discrimination." *See Akinlawon v. Overhead Door Corp.*, No. 4:17-CV-00218, 2018 WL 4608488, at *12 (M.D. Pa. Sept. 25, 2018). The *Akinlawon* Court expressly rejected a plaintiff's argument that "an offer of severance, *standing alone*, was sufficient to find pretext." *Id.* (emphasis in original) Moreover, in a non-precedential opinion, the Third Circuit has also held that Defendant's offer of severance alone did not imply that defendant lacked legitimate reasons to terminate Plaintiff's employment. *See Baker v. United Def. Indus., Inc.*, 403 F. App'x 751, 757 (3d Cir. 2010); *see also Arenas v. L'Oreal USA Prods., Inc.*, 790 F.Supp.2d 230, 238–40 (D.N.J. 2011) (rejecting a contention on summary judgment that severance package showed discriminatory animus where no evidence that package was offered for any reason other than to avoid laying-off older employees), *aff'd*, 461 F. App'x 131 (3d Cir. 2012). Similarly here, this court should reject Plaintiff's argument that an offer of severance, standing alone, is sufficient to find pretext.

Accordingly, Defendants are entitled to Summary Judgment because Plaintiff is unable to produce any evidence to show that the stated reasons for his termination are pretext for unlawful retaliation.

II. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR FIRST AMENDMENT RETALIATION.

As Plaintiff concedes, "public employees do not speak "as citizens" when they make statements pursuant to their official duties." *Kline* v. *Valentic,* 283 Fed. Appx. 913, 916, (3rd Cir. 2008)(internal

5

citations omitted). Moreover, the Third Circuit has repeatedly held that reports of misconduct, made through an employee's chain of command, are within an employee's official duties. *See Foraker v. Chaffinch*, 501 F.3d 231, 240 (3d Cir. 2007).

The record is clear that, at all times relevant to this complaint, Plaintiff acted in his official capacity as CIO. As such, he was directly responsible for hiring decisions within his department, overseeing the City's RFP and procurement processes, as well as ensuring compliance with various vendors. When he discovered potential issues, he merely reported these issues through his chain of command as part of his ordinary job duties.

Because Plaintiff was speaking within the scope of his duties—not as a private citizen—when he opposed Mr. Atkinson's methods for implementing the City's diversity initiative, the City's methods in procuring body-worn cameras, or the City's directives related to the Comcast franchise agreement breach negotiations and, therefore, his speech was not protected.

Accordingly, Plaintiff's First Amendment claim should be dismissed.

III.   PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE PENNSYLVANIA WHISTLEBLOWER CLAIMS.

Plaintiff's claims under the Pennsylvania Whistleblower law fails because he has not produced any evidence that he opposed actions that actually violated any laws or that he opposed actual waste or wrongdoing. First, Plaintiff has proffered no evidence that any City agency hired any employee because of that employee's race, and Mr. Atkinson's comments did not, alone, violate any law. At best, he protested actions which he believed could have led to an illegal action—a hypothetical violation. This is a fatal flaw to Plaintiff's claim because reports of hypothetical or potential violations are not reports of wrongdoing, within the meaning of the PWL. *See Greco v. Meyer Coach Lines, Inc.*, 199 A.3d 426, 434 (Pa. Super. 2018) *allocatur denied*, 208 A.3d 462 (Pa. 2019) (to sustain a PWL claim, a plaintiff's report "must be of an actual violation, not a potential or contemplated violation.")  Second, Plaintiff's allegation of substantial waste is nothing more than speculation.  His dissatisfaction with an RFP that

was never issued simply does not constitute a report of wrongdoing for purposes of the Whistleblower Act, dooming any PWL claim premised on complaining about that RFP. *See Anderson v. Bd. of School Directors of Millcreek Tp. School Dist.,* 574 Fed. Appx. 169, 173-74 (3d Cir. 2014) (statement regarding potential or hypothetical wrongdoing does not constitute a report of wrongdoing under the PWL); *Sukenik,* 131 A.3d at 559 ("[A] report of hypothetical loss is insufficient to trigger the Whistleblower Law's protection.")

Because he cannot produce evidence that he opposed actions that actually violated any laws or that he opposed actual waste or wrongdoing, Plaintiff's claims under the Pennsylvania Whistleblower law must be dismissed.

## IV. CONCLUSION

For the foregoing reasons and for the reasons set out in Defendants Motion for Summary Judgment and Memorandum in Support thereof, Defendants respectfully request that this Court grant their Motion for Summary Judgment and dismiss with prejudice Plaintiff's Complaint in its entirety.

                    Respectfully submitted,

                    CITY OF PHILADELPHIA
                    LAW DEPARTMENT

Date: December 2, 2019         BY:   s/ Kia Ghee
                                             Kia Ghee
                                             Assistant City Solicitor
                                             Pa. Attorney ID No. 321462
                                             City of Philadelphia Law Dept.
                                             1515 Arch St., 16th Fl.
                                             Philadelphia, PA 19102
                                             (215) 683-5079
                                             Kia.Ghee@phila.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEANNA PIERCE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 17-5539 |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendant's Reply to Plaintiff's Memorandum of Law in Response to Defendant's Motion for Summary Judgment has been filed electronically and is available for viewing and downloading.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>December 2, 2019</u>    BY:  <u>s/ Kia Ghee</u>
                                     Kia Ghee
                                     Assistant City Solicitor